## Conn *et al. vs* Hord.

ERROR TO THE LOUISVILLE CHANCERY COURT.

*Consideration. Feme Covert. Bill taken pro confesso.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

MUNGO HERNDON, a son-in-law of John Conn, having been in possession of a small tract of land in Jefferson, for about seven years, under a verbal gift to his wife, from her said father, and of a male slave, under the like gift to himself, as he contended; the said Conn insisting that he had only loaned the slave, seduced him into his own possession, and refusing to surrender him to Herndon, an angry controversy arose between them, which was characterized by successive acts of open hostility and personal violence. During this belligerent strife, Conn determined also, that Herndon and wife should not longer enjoy the land which he had given to her; and therefore, by an executory contract, in writing, he sold it to Robert C. Hord, (who resided on a co-terminous tract,) and received from him one dollar and a Jackass, in part satisfaction of the stipulated consideration. Shortly afterwards, Hord demanded a conveyance; but Conn seeming to have relented, and to be then inclined to restore the relations of peace in his entire family, hesitated, and upon a suggestion by his son, that he ought to make a compromise with his son-in-law, observed, in substance, that he desired to do so, but that, having sold the land, he had no power to convey it to his daughter, without the consent of the buyer—whereupon Hord assured him that, not being willing to be in the way of so desirable an object, he would consent to a rescission of his bargain, and to a conveyance to Mrs. Herndon, in the event of a successful termination, on the next day, of the proposed negotiation for a compromise.

During the next day a compromise was effected between Conn and Herndon, whereby the latter relinquished his claim to the slave, and the former conveyed to his

CONN *et al.*
*vs*
HORD.

daughter, Mrs. Herndon, the absolute title to the land; and forthwith, the dollar and the Jack received from Hord were tendered to him, but he refused to accept them unless Herndon would agree to make a certain division fence, which not being acceded to, the Jack was left in one of his enclosures, and he immediately brought this suit in chancery, for a specific execution of his contract with Conn, alleging in his bill that the conveyance to Mrs. Herndon was voluntary and fraudulent.

Conn and Herndon answered the bill, and relied on and proved the foregoing facts.

Decree of Chancellor.

Mrs. Herndon having failed to answer, the Chancellor took the bill for confessed, as against her, and thereupon decreed a conveyance to Hord.

The restoration of pacific and friendly relations between father, daughter and her husband, & son-in-law's relinquishment of a claim to a slave, is, *prima facie* at least, a valuable and most meritorious consideration.

In revising that decree, we are unable to perceive any sufficient ground for inferring, as the Chancellor did, that the conveyance to Mrs. Herndon was either voluntary or fraudulent. The restoration of pacific and friendly relations between the father and his daughter and her husband, and the relinquishment of all claim to the slave, constituted, *prima facie* at least, a valuable and most meritorious consideration, independent of the strong moral obligation resulting from the prior verbal gift; and therefore, as the conveyance was made after, and probably in consequence of Hord's expressed consent that it might be so made, it does seem to this Court, that he has now no pretext for claiming, in a court of equity, a prior and superior right, or for asserting that he has been defrauded.

The failure of *feme covert* to answer, will not authorize a decree effecting the interest of husband in land, which is subject to his legal estate for life.

The fact that *Mrs. Herndon* failed to answer the bill, cannot affect this conclusion to any purpose available in this case; for if we should admit that even though her husband answered and denied the equity asserted in the bill, yet nevertheless, the allegations could, notwithstanding her disability, be taken for confessed as against her, so as to affect her ultimate fee, still, as nothing which she could have admitted in an answer would have been evidence against him, so far as his own life estate might be concerned, the taking of the bill for confessed as against her, could not authorize the decree for a conveyance to Hord, by herself and husband and Conn; and, as

there is no reason to presume that *Hord* desires or would accept a conveyance subject to *Herndon's* legal estate as husband, we shall not decide whether the *Chancellor* might, on taking the bill for confessed as to the wife, have decreed the conveyance of such a partial and ultimate title, had there been a prayer to that end in the bill.

The conclusion is that, in the opinion of this Court, the decree of the Chancellor should not be sustained.

Wherefore, the decree is reversed and the cause remanded with instructions to dismiss the bill.

*L. Hord* for plaintiffs; *Duncan* for defendant.